UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AWET KIBROM MICHAEL,<br><br>                                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, TODD BLANCHE, Acting Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, JEREMY CASEY, Warden at Imperial Regional Detention Facility,<br><br>                                    Respondents. | Case No.:   26-CV-2867 JLS (JLB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Awet Kibrom Michael's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Response in Opposition to Habeas Petition ("Opp'n," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for Writ of Habeas Corpus.

/ / /

/ / /

/ / /

1

26-CV-2867 JLS (JLB)

## BACKGROUND

Petitioner, a native of Eritrea, alleges that he has been detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the Imperial Regional Detention Facility.  Pet. at 1.  Petitioner entered the United States on December 29, 2024, seeking asylum as a result of religious persecution he faced in his home country.  *Id.*  Petitioner was immediately detained, passed a credible fear interview, and was placed in removal proceedings.  *Id.*  On December 15, 2026, he was ordered removed by an immigration judge and did not appeal the decision.  *Id.*  Petitioner now seeks release from detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country.  *See* 28 U.S.C. § 1231(a)(2).  This ninety-day period is referred to as the "removal period."  § 1231(a)(1)(A).  After the removal period, this statute "limits an alien's post-removal-period detention to a period

26-CV-2867 JLS (JLB)

reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701.  After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*  If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.*  "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*  "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.  In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

3

The Court finds that Petitioner has satisfied his initial burden.[1]  Petitioner has now been detained for longer than the presumptive 180-day period.  Pet. at 2–3.  The government has also failed to provide travel documentation.  Pet., Ex. A ¶ 4; Traverse at 3; *see Yakoub v. Marin*, No. 5:26-CV-01399-JAK (RAOX), 2026 WL 922015, at *5 (C.D. Cal. Mar. 31, 2026) (finding that the petitioner satisfied initial burden where government had not secured travel documents for removal).  Because Petitioner has shown good reason to believe he will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing.  *Zadvydas*, 533 at 701.

Respondents argue that Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future because "ICE requested a travel document in order to remove Petitioner to Eritrea, and is determining whether Petitioner can be removed to Greece, where he has legal refugee status."  Ret. at 4.  However, as other courts in this District have noted, "the mere submission of a travel document request does not itself make removal reasonably likely."  *Nguyen v. Mullin*, No. 26-CV-2815-JAO (JLB), 2026 WL 1480803, at *4 (S.D. Cal. May 26, 2026); *Phan v. Warden of Otay Mesa Det. Facility*, 813 F. Supp. 3d 1179, 1185 (S.D. Cal. 2025); *Castro-Napoles v. Noem*, No. 26-CV-03212-RFL, 2026 WL 1720963, at *3 (S.D. Cal. June 15, 2026).  Respondents do not point to any additional evidence that they have taken any action to effectuate removal since detaining Petitioner.  *See generally* Ret.  As Petitioner contends, "his order of removal became final over six months ago, and he remains detained in immigration custody."  ECF No. 6 at 1.  The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal.  Accordingly, the Court **GRANTS IN PART** the Petition.

/ / /

/ / /

---

[1] Respondents submit that Petitioner's order of removal became final on January 14, 2026.  Ret. at 1.  Six months have now passed from that date.  *See* ECF No. 6 at 1.

26-CV-2867 JLS (JLB)

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** the Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody.  The Parties are **ORDERED** to file a Joint Status Report by August 13, 2026, confirming that Petitioner has been released.  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  July 23, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2867 JLS (JLB)